◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD LYNCH, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed March 29, 1972, upon a youthful offender adjudication, on a guilty plea, and after revocation of probation previously granted, the revocation being based upon proof that defendant had been convicted of a crime while on probation. The sentence

committed defendant to an indeterminate reformatory term of four years. Sentence reversed, on the law, and case remitted to the Criminal Term for resentence in accordance with sections 81.19, 81.21 and 81.23 of the Mental Hygiene Law. The record indicates that the sentencing court found defendant not to be a narcotic addict after a hearing pursuant to section 208* of the former Mental Hygiene Law notwithstanding a certification of addiction pursuant to section 207 of that law. Nonetheless, the sentence of probation imposed by the court required that defendant attend a drug rehabilitation program if that were deemed necessary by the probation department. The court had earlier adjudicated defendant as a youthful offender. Thereafter, defendant was adjudicated in violation of probation. There was at that time and at sentencing proof in the record tending to show that defendant had become an addict notwithstanding the prior earlier findings by the court to the contrary. Nevertheless, the court imposed an indeterminate reformatory of four years without ordering a second examination pursuant to section 207 of the Mental Hygiene Law. In our opinion, the court should have ordered a second examination and should have had the report of that examination before it prior to imposing sentence (*People* v. *Brian C. J.,* 40 A D 2d 1037; *People* v. *Jackson,* 40 A D 2d 1037; *People* v. *Littlejohn,* 40 A D 2d 633). It should be noted that had defendant been adjudicated an addict the court would have been required to certify him for the care and custody of the Narcotic Addiction Control Commission (NACC) since defendant had already been adjudicated as a youthful offender (Mental Hygiene Law, § 209; *People* v. *Littlejohn, supra*), and because NACC was at that time accepting referrals under section 209 of the Mental Hygiene Law. With respect to misdemeanants and youthful offenders *People* v. *Carter* (31 N Y 2d 964) has no application. As to these classes of defendants the court lacks the sentencing alternatives available for felons. (Cf. Mental Hygiene Law, § 208, subd. 4, par. b with Mental Hygiene Law, § 209.) Accordingly, the failure to order a new section 207 examination was prejudicial to defendant and he should be resentenced. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

---

* The former Mental Hygiene Law was repealed by L. 1972, ch. 251, § 91.01, eff. July 1, 1972. Sections 207, 208 and 209 of that law were re-enacted as §§ 81.19, 81.21 and 81.23 of the present Mental Hygiene Law. References are to the former Mental Hygiene Law.