■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PRESTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 6, 1979, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Counsel's application to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Also Known as RICHARD HARRIS, Appellant. — Appeal by defendant, as limited by his motion, from an amended sentence of the County Court, Nassau County, imposed February 7, 1980, upon his plea of guilty to a violation of probation, the sentence being an indeterminate prison term with a maximum of three years, pursuant to former section 60.03 of the Penal Law. Amended sentence reversed, on the law, and the case remitted to the County Court for resentencing in accordance herewith. On May 5, 1977 defendant pleaded guilty to grand larceny in the third degree. Prior to sentencing he was examined pursuant to former section 81.21 of the Mental Hygiene Law and found to be a narcotic addict. On June 10, 1977 defendant admitted his addiction and was sentenced to a five-year period of probation pursuant to former section 60.03 of the Penal Law. On July 28, 1979 defendant was arrested and on August 6, 1979 he pleaded guilty to grand larceny in the third degree. On December 18, 1979 defendant's request for an examination pursuant to former section 23.07 of the Mental Hygiene Law was denied. It thus appears that there was no examination of the defendant pursuant to the provisions of former section 60.03 of the Penal Law and former sections 81.17 and 81.21 of the Mental Hygiene Law prior to his sentence. Hence, the sentence must be reversed, and the defendant remanded for resentence pursuant to the statutes (see *People v Lynch,* 42 AD2d 863). Mollen, P.J., Hopkins, Damiani and Titone, JJ., concur.