■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORVILLE ED-WARDS, Appellant. — Appeal by defendant from three judgments of the Supreme Court, Westchester County, all rendered February 28, 1980, convicting him, upon his pleas of guilty, of criminal possession of a weapon in the third degree (Reilly, J.), attempted robbery in the first degree (Reilly, J.), and criminally negligent homicide (Rubin, J.), and imposing sentences. Motion by assigned counsel to be relieved of his assignment. Judgments affirmed. Motion granted. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues on this appeal. Counsel's motion for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606). Lazer, J.P., Rabin, Cohalan and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v SOLOMON HEISLER, Respondent, and CAROL FIETKAU, as First Deputy County Clerk of Richmond County, et al., Appellants. — In a proceeding to quash three subpoenas duces tecum on the ground, *inter alia,* that the information sought is confidential, the appeal is from an order of the Supreme Court, Richmond County (Owens J.), entered April 22, 1981, which denied the motion to quash and directed that any available records requested by the subpoenas be produced in the Supreme Court, Richmond County, before the Justice presiding at the hearing relating to the propriety of empanelling the additional Grand Jury. Order reversed, without costs or disbursements, and matter remitted to Criminal Term for further proceedings in accordance herewith. The subpoenas in question seek, *inter alia,* various statistical data and court records concerning the composition and structure of the Richmond County Grand Jury, and the number of persons found qualified or disqualified, exempted or excused. Some of the subpoenaed records are confidential pursuant to subdivision (a) of section 509 of the Judiciary Law, which provides, in relevant part, as follows: "The county jury board shall have the power to review any determination of the commissioner as to qualifications, disqualifications, exemptions and excuses. Such questionnaires and records shall be considered confidential and shall not be disclosed except to the county jury board *or as permitted by the appellate division*" (emphasis added). To the extent that the three subpoenas sought confidential records under the foregoing statute, they should have been quashed without prejudice to a direct application to this court to obtain their disclosure. Upon remittal, Criminal Term should determine which of the material is nonconfidential and, as to such material, deny the application to quash. With respect to those records which are confidential the motion to quash should be granted without prejudice to an application pursuant to subdivision (a) of section 509 for their disclosure. Hopkins, J.P., Damiani, Mangano and Rabin, JJ., concur.