■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DOE, Also Known as DONALD ROBINSON, Appellant. — Judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 16, 1982, affirmed (*People v Pellegrino,* 60 NY2d 636; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Harris,* 61 NY2d 9). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DURHAM, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Spodek, J., on plea; Bernstein, J., on sentence), rendered May 19, 1982, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised upon appeal. Counsel's application for leave to withdraw as counsel is granted. (*See, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606.) Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY FIELDS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Walsh, J.), rendered October 1, 1981, convicting him of burglary in the second degree, criminal possession of a weapon in the third degree, attempted petit larceny, criminal mischief in the fourth degree, possession of burglar's tools, and criminal possession of a hypodermic instrument (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was properly convicted of burglary in the second degree. Reading the court's charge in its entirety, we conclude that the jury was properly instructed on the law regarding both first and second degree burglary. Further, a reading of the record also shows that no violation of the trial court's suppression order occurred during the testimony of the arresting officer. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.