■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DE BENEDETTO, Also Known as ANDREW RUSSO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered July 17, 1981, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN DE JESUS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered May 10, 1984, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal sale of a controlled substance in the seventh degree (two counts), upon his plea of guilty, and imposing sentence.

Judgment affirmed.

As defendant correctly concedes, he has failed to preserve for appellate review his challenge to the plea allocution (see, People v Claudio, 64 NY2d 858). To preserve such a claim for appellate review on a direct appeal from a judgment of conviction, a defendant must move to set aside his plea prior to imposition of sentence, pursuant to CPL 220.60 (3).

In the absence of unusual circumstances, not here present, we see no reason to exercise our authority to review an unpreserved claim in the interest of justice. As to defendant's challenge to his sentences, he has received the minimum legally permissible sentences with respect to the three felony counts (see, Penal Law § 70.06 [3] [b]; [4] [b]) and there is no reason to disturb the concurrent sentences imposed with respect to the two misdemeanor counts. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.