■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWOOD BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scancarelli, J.), rendered April 25, 1984, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN CHERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Krausman, J.), rendered March 31, 1983, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US ˙738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CORNO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 11, 1981, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at the trial was sufficient to support the verdict since any " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(see, People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307).

The defendant's other contentions are unpreserved and do not merit reversal in the interest of justice. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.