■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HUSGYIN GUNYADIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 20, 1984, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing a sentence of four years to life imprisonment.

Ordered that the judgment is affirmed.

The defendant's claim, raised for the first time on appeal, that his plea was made unknowingly, is not preserved for appellate review as a matter of law *(see, People v Pellegrino,* 60 NY2d 636). In any event, the defendant's claim that he had limited knowledge of the English language and limited fluency in it, and was a stranger to the customs and laws of the United States and the State of New York, so that he was unaware that the sale of one pound of cocaine would expose him to the sentence he received, is insufficient to establish that his plea was made unknowingly. The defendant had the services of a court interpreter at the plea and sentencing and the record belies any claim that his plea was other than knowing and voluntary.

In addition, the sentence imposed by the court was not an abuse of discretion *(see, People v Farrar,* 52 NY2d 302, 305; *People v Suitte,* 90 AD2d 80). At the plea proceeding, the court told the defendant that if he could not impose the term of four years to life (or less) as recommended by the District Attorney, the defendant could withdraw his plea. Mollen, P. J., Bracken, Lawrence and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HINTON, Also Known as TIMMY HINTON, Appellant. —Appeal by the defendant from a judgment of the County Court, Nassau County (Collins, J.), rendered August 29, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.