We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN FEASTER, Also Known as BRIAN DARBY, Appellant.—

Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FIGUEROA, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTELL FLORES, Also Known as LORIS DIAZ, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v Califor-

*nia,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND GAMBLE, Appellant

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GOODE, Appellant

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of assault in the second degree (Penal Law § 120.05 [2]). At trial, the complainant testified that immediately after he was punched by the defendant, he saw that the defendant was holding a printer's guide inside his fist. The jury could properly conclude that the printer's guide, a solid metal cylindrical object measuring approximately two inches in length and weighing about one and one-half pounds, which was used to reinforce the impact of the fist blow, was "readily capable of causing serious physical injury" and, thus, was a "dangerous instrument" pursuant to Penal Law § 10.00 (13) *(see, People v Galvin,* 65 NY2d 761, 762; *People v Carter,* 53 NY2d 113, 116). Furthermore, there was legally sufficient evidence to support the jury's finding that the complainant suffered "physical injury" since the complainant's vision in his left eye was impaired as a result of the assault *(see,* Penal Law § 10.00 [9]; *People v Murray,* 156 AD2d 722; *People v Lundquist,* 151 AD2d 505; *People v Singleton,* 140 AD2d 388).