■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BANNON, Appellant. [598 NYS2d 989] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered May 5, 1992, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BROWN, Appellant. [597 NYS2d 727] —Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Baker, J.), rendered September 5, 1990, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence, and, (2) by permission, from an order of the same court dated March 25, 1992, denying his motion pursuant to CPL 440.10 (1) (b) to vacate the judgment.

Ordered that the judgment and the order are affirmed.

Contrary to the defendant's allegations, he was properly advised of the rights he was waiving by entering a plea of guilty (see, People v Harris, 61 NY2d 9). There is also no merit to the defendant's allegation that the County Court failed to adhere to its promise that the sentence it imposed upon the defendant would run concurrently with a sentence which had yet to be imposed on the defendant by a Federal court. Although the County Court initially made such a promise based on the apparent misconception that the Federal sentence had already been imposed, upon learning of its error, the County Court immediately and unequivocally stated that it lacked the authority to make such a promise.

The remaining contentions raised by the defendant are either unpreserved for appellate review (see, CPL 470.05 [2]; People v Proctor, 176 AD2d 765, affd 79 NY2d 992), or without merit. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.