■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BANKS, Appellant. [603 NYS2d 754] —Appeal by the defendant from a judgment of the County Court, Nassau County (Dunne, J.), rendered August 27, 1992, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OATHER J. BLOCKER, Appellant. [603 NYS2d 754] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered August 3, 1992, convicting him of burglary in the third degree (four counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BUNTY, Appellant. [603 NYS2d 755] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered July 2, 1991.

Ordered that the judgment is affirmed.

Appellate review of the issue raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the judgment of conviction is affirmed *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.