■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GIDDENS, Appellant. [628 NYS2d 600] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered December 20, 1993, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that his statements during the plea allocution raised the possibility of a justification defense which was not sufficiently explored by the court, and that his plea should therefore be vacated. The defendant's argument lacks merit for several reasons. First, the record shows that the defendant waived the justification defense. Second, the defendant's factual recitation did not negate an essential element of manslaughter in the first degree, the crime pleaded to. Moreover, the court's further inquiry into the matter pursuant to *People v Lopez* (71 NY2d 662), though not required under the circumstances, reinforced that the defendant knowingly and voluntarily entered his plea. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GOODWINE, Appellant. [628 NYS2d 600] —Appeal by the defendant from three judgments of the County Court, Westchester County (Leavitt, J.), all rendered October 3, 1994, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), grand larceny in the fourth degree (three counts), and criminal possession of stolen property (two counts) under Indictment No. 94-00136, robbery in the first degree, robbery in the second degree, and petit larceny under Indictment No. 94-00245, and robbery in the first degree, robbery in the second degree, and petit larceny under Indictment No. 94-00713, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.