(October 12, 1976)

■ In the Matter of JOHN PRUNTY, Petitioner, v MARIO MEROLA et al., Respondents.—Application for an order, pursuant to CPLR article 78, in the nature of a writ of prohibition, unanimously denied, the cross motion granted, and the petition dismissed, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CANNISTRACI, Appellant.—Judgment, Supreme Court, New York County, rendered on May 1, 1975, unanimously affirmed. Concur—Stevens, P. J., Markewich, Birns and Silverman, JJ.; Capozzoli, J., concurs in the following memorandum: While I have grave doubts as to the admissibility of the testimony of the witness, Thaler, which was offered by the prosecution to establish an admission by silence on the part of this defendant, nevertheless the totality of the evidence as to the defendant's guilt, disclosed in the record, is such that the conviction should not be disturbed (People v Crimmins, 36 NY2d 230).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT PAIGE, Appellant.—On this appeal from a judgment rendered on March 4, 1974 in the Supreme Court, New York County, convicting defendant on his plea of guilty of robbery, first degree, as a class B felony and sentencing him, as a second felony offender to four and one-half to nine years' imprisonment, to run concurrently with a sentence in Kings County, assigned counsel, after conscientiously examining the record has sought leave to withdraw. The application is supported by a brief pursuant to Anders v California (386 US 738). Counsel has concluded that the record in this case does not reveal any valid appealable issue, and consequently the appeal is frivolous. A copy of the brief has been furnished to defendant and defendant has not chosen to add anything to support his appeal. This court has made a careful review of the record and proceedings in this case, and agrees with counsel for appellant that there are no issues to be raised in the appeal that are not frivolous. Accordingly, the application to withdraw as counsel is granted, and the judgment of conviction is unanimously affirmed. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.

■ In the Matter of MATT JAFFE, Appellant, et al., Petitioner, v GEORGE CONSTRUCTION CO., INC., Respondent.—Order of the Supreme Court, New York County, entered on January 30, 1976, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. There was sufficient evidence in the record to support the referee's report that petitioner Matt Jaffe, in his individual capacity, was a party to the contract. The referee properly found, and the petitioner concedes, that Matt Jaffee Associates, Inc., is an entity separate from Matt Jaffe and not a party to the agreement. Matt Jaffe personally negotiated the agreement and his signature thereto does not indicate he signed in a representative capacity. Matt Jaffe Insurance, referred to in the contract, is not a corporation and is not a separate and distinct entity. The use of the word insurance in the name Matt Jaffe Insurance was merely descriptive of the nature of the business of Matt Jaffe. The other contentions proffered by petitioner, including his argument that respondent George Construction Co., Inc., was not a party to the agreement, are not tenable. Concur—Murphy, J. P., Birns, Silverman, Capozzoli and Lane, JJ.