■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ROSA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 20, 1975, convicting him of manslaughter in the first degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Brown,* 59 AD2d 622). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RUSSO, Also Known as VINCENT DONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 13, 1976, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Brown,* 59 AD2d 622). Margett, J. P., Rabin, Titone and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADALBERTO SAAVEDRA, Also Known as RAFAEL SAAVEDRA, Also Known as RAUL SANTIAGO BUSSOO, Also Known as JOSE VASQUEZ, Also Known as ALBERT BRUSSO, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 22, 1975, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of criminal possession of a weapon in the second degree, and the sentence imposed thereon, and the said count (count one of Indictment No. 1094-B-74) is dismissed. As so modified, judgment affirmed. As conceded by the People, the weapons count is a lesser included offense of robbery in the first degree under the facts of this case. We have therefore modified the judgment accordingly (see *People v Flowers,* 56 AD2d 660). Defendant's remaining claims on appeal are without merit. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.