■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN VICKERSTAFF, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County, rendered March 15, 1978, convicting him of burglary in the third degree, criminal possession of stolen property in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. Judgment affirmed. On direct examination the defendant admitted that he had previously been convicted of criminal trespass. During cross-examination the prosecutor questioned him with respect to the facts underlying that conviction. Such inquiry is not, per se, improper (see *People v Reed,* 56 AD2d 896, mot for lv to app den 42 NY2d 830). However, the facts involved in the prior conviction were, to a degree, similar to the ones involved in the present case. To the extent that the cross-examination was intended to demonstrate a *modus operandi,* it was improper (see *People v Ragonesi,* 63 AD2d 741, 742). Despite this error a reversal is not warranted on this record. Although the evidence adduced at trial was circumstantial, it excluded to a moral certainty every hypothesis but guilt (see *People v Wachowicz,* 22 NY2d 369, 372). It included eyewitness testimony by the arresting police officer that the defendant was at the scene of the crime and fled when the police approached. The proof of the defendant's guilt was overwhelming, and there is no significant probability that the jury would have acquitted the defendant had it not been for the improper cross-examination by the prosecutor (see *People v Crimmins,* 36 NY2d 230, 241-242). Titone, J. P., O'Connor, Margett and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 24, 1976, convicting him of attempted criminal possession of a weapon in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.