plice who turned State's witness met with the defendant and Provenzano to discuss a potential burglary at 309 Wanser Avenue in Inwood. The defendant informed the accomplice that the owner of the house kept $100,000 in cash and property in a safe in the master bedroom. The defendant was willing to renounce his share of this money if the accomplice and Provenzano would kill the homeowner, whom the defendant indicated was having an affair with his wife. The accomplice and Provenzano viewed the house several times, but before their plans came to fruition the accomplice was arrested on an unrelated charge. The accomplice then arranged for an undercover police officer to meet Provenzano. Provenzano recruited the police officer into the conspiracy and took him to meet the defendant. At one meeting between the defendant and the undercover officer, the defendant acknowledged that the house had already been "hit for about $30,000", but that he still wanted the owner of the house "done".

This evidence was sufficient to make out a prima facie case, and when taken in conjunction with the tape-recorded admissions of Provenzano, proved beyond a reasonable doubt that the defendant had conspired to commit burglary.

The defendant's remaining contention is without merit. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GENNUSO, Also Known as KEITH STRONG, Appellant.— Appeal by the defendant from a judgment of the County Court, Westchester County (Edelstein, J.), rendered May 12, 1982, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GERENA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered September 14, 1984, convicting him of attempted