The defendant, who was jointly tried with a codefendant, was convicted of the nighttime, gunpoint robbery of two complainants. The defendant and his codefendant were apprehended in a public school yard shortly after the robbery, at which time a gun was recovered from the waistband of the defendant's pants.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find no merit to the defendant's contention that it was error for the trial court to permit into evidence testimony that upon the apprehension of the defendant and his codefendant in a public school yard at night and the discovery of the gun on the defendant's person, the arresting officer, prior to giving any *Miranda* warnings, asked the codefendant, "Where's the other gun?" and the codefendant answered, "There was only one gun" *(see, New York v Quarles,* 467 US 649). In any event, any error with regard to the admission of this testimony was harmless *(cf., People v Payne,* 35 NY2d 22, 27).

In addition, the trial court properly refused to charge robbery in the second degree pursuant to Penal Law § 160.10 (1) as lesser included offenses of the robbery in the first degree counts under Penal Law § 160.15 (2) *(see,* CPL 1.20 [37]; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427, 431, *rearg denied* 57 NY2d 775; *People v Acevedo,* 40 NY2d 701).

We find no basis for modifying the sentence imposed by the trial court *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Mangano, Bracken and Lawrence, JJ:, concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues

which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. WILLIAMS, Appellant▮

▮

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY WILLIS, Appellant▮

▮

Contrary to the defendant's contention, the People's timely disclosure of a complete but partially illegible photocopy of a *Rosario* statement did not deny him a fair trial *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). The statement, a police report of the victim's description of the perpetrator, was delivered to the defense counsel prior to the trial and, although the flaw was obvious and easily rectifiable, the defense counsel made no attempt to obtain a clearer copy. In any event, the minutes of the reporting officer's hearing testimony, during which he read the description from his report, provided the defendant with the "duplicative equivalent" of the entire statement, including the two illegible words *(see, People v Ranghelle,* 69 NY2d 56; *People v Consolazio,* 40 NY2d 446).

The defendant also contends that the court's charge on identification, during which the court substituted the word "defendant" for the word "perpetrator" on five occasions, was reversible error. While that portion of the court's charge was erroneous, reversal is not warranted since a review of the