either by themselves or taken together, to negate consent, otherwise freely and voluntarily given *(see, People v Gonzalez,* 39 NY2d 122; *People v Springer,* 92 AD2d 209).

We also find that the defendant's challenge to the sufficiency of the plea allocution was not preserved for appellate review. In any event, the facts as recited by the defendant at the plea were sufficient to support the conviction. Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CULLEN, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Kunzeman, Rubin and Harwood, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DAVILA, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, J. P., Kunzeman, Rubin and Harwood, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR DAVIS, Appellant.