over, upon an exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA HARLEY, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY HARRIS, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS JOHNSON, Appellant.

The defendant contends that the trial court committed reversible error in omitting the words "moral certainty" from its circumstantial evidence charge to the jury. However, those words are not necessarily required so long as the jury is instructed in substance that it must appear that the inference