The defendant did not make a clear showing that the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was not legally sufficient to establish that the driver of the blue truck in question was the shooter and that the defendant was the driver of the blue truck (see, People v Adorno, 112 AD2d 308). Contrary to the defendant's contention, in a wholly circumstantial case the evidence before the Grand Jury need not exclude to a moral certainty every hypothesis consistent with innocence (People v Deegan, 69 NY2d 976; People v Jennings, 69 NY2d 103). Thus the court erred in dismissing the indictment under CPL 210.20 (1) (b).

The alternative ground raised by the defendant for affirming the order dismissing the indictment may not be considered on this appeal by the People (CPL 470.15 [1]; People v Goodfriend, 64 NY2d 695; People v Heizman, 127 AD2d 609, lv denied 69 NY2d 950). Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO VARGAS, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS VINCI, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues

which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606).* Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WEINSTEIN, Appellant.

Nine months after the defendant's arraignment, the People moved to serve notice of their intent to introduce at trial inculpatory statements made by the defendant to a police detective. The only explanation proffered by the People for the delay was that it resulted from an oversight on the part of the prosecutor previously assigned to the case. The court granted the People's motion and, following a *Huntley* hearing, ruled that the statements were admissible. Having failed to establish good cause for their noncompliance with the 15-day notice requirement of CPL 170.30, the People should not have been permitted to serve a late notice. Accordingly, it was error to admit the statements as evidence at trial *(see, People v O'Doherty,* 70 NY2d 479; *People v Briggs,* 38 NY2d 319).

We reject the People's assertion that the defendant made an unsuccessful suppression motion directed at the statements which rendered them admissible notwithstanding the late notice *(see,* CPL 710.30 [3]). The record reveals that the defendant opposed the People's motion to allow late service, objected to the admission of the statements and never requested a *Huntley* hearing *(see, People v O'Doherty, supra; cf., People v Whitaker,* 106 AD2d 594; *People v Brown,* 92 AD2d 939). Furthermore, we do not find the error in this case to be harmless.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WHEELER, Appellant.