◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI RODRIGUEZ, Appellant.—Application by the defendant for a writ of error of coram nobis, to vacate a decision and an order of this court, both dated September 22, 1986 [123 AD2d 404], affirming a judgment of the Supreme Court, Suffolk County, rendered August 31, 1981, on the ground of ineffective assistance of appellate counsel.

Ordered that the application is granted to the extent that the decision and the order of this court, both dated September 22, 1986, affirming the judgment rendered August 31, 1981, are vacated, and the defendant is granted leave to perfect his appeal anew within 120 days after the service upon him of a copy of this decision and order, with notice of entry.

Based upon this court's independent review of the record and the papers submitted by the defendant in support of his application, we conclude that the defendant was denied the effective assistance of appellate counsel (see, People v Chrzanowski, 139 AD2d 755). Under the circumstances, the defendant is entitled to have this court reconsider the appeal de novo (see, People v Casiano, 67 NY2d 906). Mangano, P. J., Bracken, Eiber and Balletta, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ROSDA, Also Known as PEDRO LUIS TORRES, Appellant. —Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered May 12, 1989, convicting him of robbery in the first degree (three counts), robbery in the second degree (four counts), robbery in the third degree (four counts), attempted robbery in the first degree, attempted robbery in the second degree, attempted robbery in the third degree, grand larceny in the fourth degree (four counts), attempted grand larceny in the fourth degree, assault in the second degree, and criminal possession of a weapon in the third degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.