defense *(see, People v DeGina,* 72 NY2d 768, 776). By acting in accordance with the defendant's instructions and not pursuing avenues which could have undermined or removed the defendant's chance of a complete acquittal *(see, e.g., People v Harris,* 109 AD2d 351, 362; *People v DeGina, supra,* at 776), the defense counsel was not ineffective. Pursuing losing tactics is not to be confused with true ineffectiveness of counsel *(see, People v Lane,* 60 NY2d 748, 750; *People v Baldi,* 54 NY2d 137, 146).

The defendant's assertion that the fee arrangement prevented his trial counsel from looking further into his psychiatric history and drug problem is unfounded in the record. In any event, the exploration of those matters would have been contrary to the defendant's strategy. While the defendant asserts that the hearing court should have discounted the trial counsel's testimony because he may have been motivated to lie to ameliorate his breach of his duty to represent his client, great weight must be accorded to the determination of the hearing court with its particular advantage of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761). Furthermore, given that trial counsel's testimony was corroborated in many respects and was virtually uncontroverted, we cannot say that the hearing court gave improper weight to it.

We have reviewed the defendant's remaining claims of ineffective assistance of counsel and find them to be contrary to the record or without merit.

We are satisfied that the sentencing court carefully considered and balanced the various factors that go into any sentencing decision *(see, People v Suitte,* 90 AD2d 80), and find that the sentence was not excessive. Thompson, J. P., Kunzeman, Sullivan and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN WOOD, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v*

*Gonzalez,* 47 NY2d 606). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ZAMOT, Appellant.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

(January 15, 1992)

■ LINDA BAGNATO et al., Respondents, v ROBERT ROMANO et al., Appellants.

This appeal arises from an automobile accident wherein the plaintiff Linda Bagnato's car was struck broadside by the defendants' vehicle as the plaintiff Linda Bagnato made a left-hand turn across the highway on which the defendant driver was traveling. At the trial, the defendant driver testified that he was driving at 45 to 50 miles per hour and did not reduce his speed upon approaching the intersection.

The court's charge included an instruction on Vehicle and Traffic Law § 1180 (e), which provides that "[t]he driver of every vehicle shall, consistent with the requirements of subdivision (a) of this section, drive at an appropriate reduced speed