provide testimony on a material issue *(see, People v Kitching,* 78 NY2d 532; *People v Erts,* 73 NY2d 872; *People v Dianda,* 70 NY2d 894; *People v Gonzalez,* 68 NY2d 424).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, at sentencing, the defendant challenged the validity of his prior felony conviction on the ground that a plea agreement had been violated, or alternatively, on the ground of ineffective assistance of counsel. As the People concede, the court erred in failing to conduct a hearing pursuant to CPL 400.15 (5). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing and resentencing *(see, People v Humphries,* 144 AD2d 385; *People v Ordine,* 130 AD2d 518).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELE DANZY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered April 27, 1989, convicting her of criminal possession of a controlled substance in the fifth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. DONOHUE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 15, 1988, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for