■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RESPASS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered March 28, 1989, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Upon our review of the record, we find no error in the court's denial, without a hearing, of the defendant's *pro se* motion to withdraw his guilty plea. The allegations of coercion made by the defendant were flatly refuted by the plea record and there was no indication that the plea was improvident or baseless *(see, People v Frederick,* 45 NY2d 520). Nor do we find any merit in the defendant's contention that the sentence imposed was harsh and excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Harwood, Balletta, Rosenblatt and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULISES RONDON, Also Known as ULISIS RONDON, Appellant.— Appeal by the defendant from two judgments of the County Court, Nassau County (Santagata, J.), both rendered April 29, 1991, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 74201, and criminal sale of a controlled substance in the third degree under Indictment No. 77669, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.