470.05 [2]; *People v Udzinski,* 146 AD2d 245; *see also, People v White,* 192 AD2d 736; *People v Johnson,* 185 AD2d 247; *People v Rios,* 180 AD2d 696). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the individual who robbed the complainant. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. O'Brien, J. P., Joy, Altman and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOHNSON, Appellant. [632 NYS2d 964] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 13, 1993, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.