was located nearby, provided the officer with probable cause to believe that a crime had been committed *(see, People v De Bour, supra; People v Gibson, supra)*.

The defendant's sentence is not excessive *(see, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80)*. However, the matter must be remitted to the County Court, Nassau County, for a hearing on the amount of restitution to be paid to the New York State Department of Labor, the owner of the facsimile machine. In determining that the defendant should pay the Department of Labor restitution of $760, the County Court relied on a "Restitution Preliminary Fact-Finding Report" prepared by the Nassau County Probation Department. This report states in pertinent part: "William Butler of the New York Department of Labor reports that the Murata fax machine, which was recovered in damaged condition, has a value of $760.00".

Although it is clear that the facsimile machine that was recovered was damaged, it is not clear that it was damaged beyond repair or that $760 represents the value of the machine at the time of the theft. An award for the full depreciated value of the machine is appropriate only if the evidence demonstrates that it was rendered useless by the defendant's actions. Accordingly, the matter is remitted to the County Court, Nassau County, for a hearing to determine the damages sustained by the New York State Department of Labor as a result of the defendant's theft of the facsimile machine. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BUTLER, Appellant. [639 NYS2d 947]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606)*. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CAMACHO, Appellant. [639 NYS2d 942]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Miller, J. P., Joy, Hart and Krausman, JJ., concur.

■ The People of the State of New York, Respondent, v Jokaseem Carruthers, Appellant. [639 NYS2d 944]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.

■ The People of the State of New York, Respondent, v Carnell Chase, Also Known as Majied Muhammad, Appellant. [639 NYS2d 853]

The defendant was convicted of assault in the second degree arising out of an incident during which he pushed a police officer into the path of an oncoming car at Kennedy Airport. The police officer, who was struck by the car, sustained injuries to his neck and back. During the jury deliberations, the jury sent a note to the court asking whether "the lack of corroboration (witnesses) constitute *[sic]* a reasonable doubt". The defendant requested that the court reread the reasonable doubt charge, but the court responded to the note with its own answer: