■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. VELEZ, Appellant. [655 NYS2d 1017] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 31, 1995, convicting him of criminal sale of a controlled susbatnce in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARTER WARD, Appellant. [655 NYS2d 1017] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered November 23, 1992, convicting him of murder in the second degree (two counts), arson in the second degree, and criminally negligent homicide (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not improvidently exercise its discretion when it denied his request for an adjournment to secure the attendance of a defense witness. The defendant failed to demonstrate due diligence in securing this witness's presence at the hearing *(see, People v McQuilkin,* 213 AD2d 680; *People v Kaleem,* 210 AD2d 257; *People v Vickers,* 163 AD2d 500).

The defendant's remaining contention does not require reversal. Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.