legal plea of guilty should they be so advised. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK HALL, Appellant. [663 NYS2d 245] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J., at *Huntley/Mapp* hearing; Starkey, J., at *Sandoval* hearing, trial and sentence), rendered August 3, 1995, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his application to review the personnel files of the police witnesses since he failed to present "some factual predicate" supporting such disclosure (*People v Gissendanner,* 48 NY2d 543, 550; *see,* Civil Rights Law § 50-a).

We find no error in the court's *Sandoval* ruling permitting the People to question the defendant about two prior arrests which were adjourned on contemplation of dismissal (*see, People v Hightower,* 163 AD2d 489; *People v Magee,* 126 AD2d 573). In addition to limiting the initial inquiry to the underlying facts, the court fashioned further guidelines, depending on the course of the questioning, to minimize the risk of prejudice (*see, People v Sandoval,* 34 NY2d 371).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN K. HOLMAN, Appellant. [664 NYS2d 563] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered October 30, 1996, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN HOPPER, Appellant. [665 NYS2d 519] —Appeal by the de-