complices implicated him in the commission of the crime (*see, People v Wolker,* 228 AD2d 798, 800; *People v Butler,* 201 AD2d 662, 663; *People v Pennix,* 166 AD2d 729, 730). Furthermore, a review of the totality of the circumstances (*see, People v Woods,* 141 AD2d 588) indicates that the defendant's statements were made voluntarily (*see, People v Tarsia,* 50 NY2d 1, 11; *People v Huntley,* 15 NY2d 72; *People v Sobchik,* 228 AD2d 800, 802; *People v Springer,* 221 AD2d 386; *People v Pennix, supra; People v Benitez,* 128 AD2d 628; *People v Croney,* 121 AD2d 558, 559). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion.

The defendant's contention that the testimony of a jailhouse informant was improperly admitted at trial is without merit. The informant was not an agent for the police with respect to the testimony that was admitted (*see, Massiah v United States,* 377 US 201; *People v Cardona,* 41 NY2d 333). Although the informant's testimony consisted of evidence of uncharged crimes, under the circumstances of this case, it was admissible because it was relevant to the defendant's consciousness of guilt (*see, People v Marin,* 65 NY2d 741, 746; *People v Moses,* 63 NY2d 299, 308; *People v Brown,* 239 AD2d 429; *People v Reyes,* 162 AD2d 357; *People v Warner,* 126 AD2d 788, 790).

The defendant's claim that the verdict was not supported by legally sufficient evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MENDEZ, Appellant. [696 NYS2d 867] —Appeal by the defendant from an amended judgment of the County Court, Orange County (Berry, J.), rendered July 10, 1998, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of operating a motor vehicle under the influence of alcohol.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Santucci, J. P., Altman, Friedmann and H. Miller, JJ., concur.