■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL CARTER, Appellant. [764 NYS2d 479] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 9, 2000, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosengarten, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the gun that was admitted into evidence at trial was properly admitted as evidence of an uncharged crime. The gun was relevant on the issue of whether the defendant and his accomplices were armed with a deadly weapon, a material element of robbery in the first degree (see Penal Law § 160.15 [2]).

The additional claims raised by the defendant with regard to the propriety of the hearing court's determination are without merit (see People v Worthy, 308 AD2d 555 [2003] [decided herewith]). Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANUL DIXON, Also Known as JANUL DIXSON, Appellant. [764 NYS2d 840] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered July 1, 2002, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Santucci, J.P., Feuerstein, Goldstein, Schmidt and Cozier, JJ., concur.