We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEKE BOYD, Appellant. [889 NYS2d 490]—

The defendant's contention that the police did not have probable cause to stop his car is unpreserved for appellate review, as the defendant did not raise this claim at the suppression hearing (*see People v McNair*, 45 AD3d 872 [2007]; *People v Rogers*, 34 AD3d 504 [2006]). In any event, the stop of the defendant's vehicle was lawful. " '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred' " (*People v Sluszka*, 15 AD3d 421, 423 [2005], quoting *People v Robinson*, 97 NY2d 341, 348-349 [2001]). The police officer's testimony established that he had probable cause to stop the defendant after he observed the defendant driving through a red light (*see* Vehicle and Traffic Law § 1111). Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX BROWN, Appellant. [889 NYS2d 471]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [889 NYS2d 470]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY CAMPBELL, Appellant. [890 NYS2d 606]—

The defendant contends that the prosecutor's questioning about his postarrest silence deprived him of a fair trial. However, after the Supreme Court sustained his objection and issued a curative instruction, the defendant failed to either move for further curative instructions or request a mistrial (*see People v Wright*, 40 AD3d 1021 [2007]; *People v Medina*, 53 NY2d 951, 953 [1981]; *cf. People v Prince*, 36 AD3d 833 [2007]). Under