The record is insufficient to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v David S.*, 78 AD3d 1205 [2010]; *People v Shoman*, 74 AD3d 843 [2010]; *People v Gladden*, 267 AD2d 400 [1999]; *People v Dongo*, 244 AD2d 353 [1997]). Accordingly, the defendant's purported waiver of his right to appeal does not preclude review of his contention that the Supreme Court should have afforded him youthful offender treatment. However, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his request for youthful offender treatment considering, inter alia, the serious nature of the offense he committed, and the otherwise favorable plea agreement (*see People v Huffman*, 47 AD3d 646 [2008]; *People v Wright*, 44 AD3d 692 [2007]; *People v Thompson*, 16 AD3d 603 [2005]; *cf. People v Cruickshank*, 105 AD2d 325 [1985], *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625 [1986]). Prudenti, P.J., Angiolillo, Eng and Roman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS MARIN, Appellant. [918 NYS2d 360]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MILLER, Appellant. [918 NYS2d 346]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY MITCHELL, Appellant. [918 NYS2d 374]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MORRIS, Appellant. [918 NYS2d 198]—

The County Court providently exercised its discretion in permitting the People to elicit evidence of prior bad acts involving the defendant and the victim (*see People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Marji*, 43 AD3d 961 [2007]). The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the victim (*see People v Leeson*, 12 NY3d at 826-827; *People v Cook*, 93 NY2d