We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY MITCHELL, Appellant. [918 NYS2d 374]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MORRIS, Appellant. [918 NYS2d 198]—

The County Court providently exercised its discretion in permitting the People to elicit evidence of prior bad acts involving the defendant and the victim (*see People v Leeson*, 12 NY3d 823, 826-827 [2009]; *People v Dorm*, 12 NY3d 16, 19 [2009]; *People v Marji*, 43 AD3d 961 [2007]). The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the victim (*see People v Leeson*, 12 NY3d at 826-827; *People v Cook*, 93 NY2d