17 NY3d 805 [2011]). "Improper influence includes even 'well-intentioned jury conduct which tends to put the jury in possession of evidence not introduced at trial' " (*People v Maragh*, 94 NY2d at 573, quoting *People v Brown*, 48 NY2d at 393). "Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Brown*, 48 NY2d at 394; *see People v Maragh*, 94 NY2d at 573-574; *People v Davis*, 86 AD3d at 64-65).

Here, the defendant's motion was predicated upon, inter alia, an affidavit from juror number 8, averring that the other jurors had exerted verbal pressure upon her to render a verdict of guilty, that two jurors discussed outside information that they learned from a newspaper and online searches regarding the trial and its participants, and that one juror had conferred with his priest.

Juror number 8's claim that the other jurors exerted verbal pressure upon her to render a verdict of guilty went to the tenor of the deliberations, and did not constitute a basis to set aside the verdict (*see People v Anderson*, 249 AD2d 405, 406 [1998]; *People v McKenzie*, 173 AD2d 493, 494 [1991]). However, juror number 8's sworn allegations of outside influence prior to and during deliberations warrants a hearing (*see People v Irizarry*, 83 NY2d 557, 561 [1994]; *People v Richardson*, 173 AD2d 870 [1991]) to determine "the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Testa*, 61 NY2d 1008, 1009 [1984]; *see People v Giarletta*, 72 AD3d 838 [2010]). Accordingly, we remit the matter to the County Court, Nassau County, to hear and report on the defendant's motion forthwith.

We decide no other issues at this time. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. MARTIN, Appellant. [931 NYS2d 236]—

We have reviewed the record and agree with the defendant's

assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY McCRAE, Appellant. [931 NYS2d 251]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL NURSE, Appellant. [931 NYS2d 252]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLVIN ORTIZ, Appellant. [931 NYS2d 882]—