appeal does not render the appeal academic (*see People v Williams*, 84 AD3d at 1280; *see also People v Overton*, 86 AD3d 4, 16 [2011], *lv denied* 17 NY3d 820 [2011]).

Pursuant to the Drug Law Reform Act of 2009 (*see* CPL 440.46), we remit this matter to the Supreme Court, Queens County, to afford the defendant an opportunity to withdraw his application for resentencing before any resentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23). Dillon, J.P., Belen, Roman and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE QUIRIDUMBAY-JEREZ, Appellant. [931 NYS2d 249]—

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis now to complain that the sentence imposed was excessive (*see People v Johnson*, 81 AD3d 663 [2011]; *People v Bunn*, 79 AD3d 1143, 1143-1144 [2010]; *People v Kazepis*, 101 AD2d 816, 817 [1984]). Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE R., Appellant. [931 NYS2d 238]—

The sentence imposed was not excessive (*see People v Mulleavey*, 50 AD3d 826, 827 [2008]; *People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QAAID REDDICK, Appellant. [931 NYS2d 246]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIDDICK, Appellant. [931 NYS2d 234]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RIVERA, Appellant. [931 NYS2d 514]—

The defendant contends, and the People correctly concede, that contrary to the determination of the Supreme Court, his release to parole during the pendency of his motion for