this challenged testimony constituted inadmissible hearsay and improper bolstering are unpreserved for appellate review, as the defendant never objected to the testimony on these grounds (*see* CPL 470.05 [2]; *People v Bryan*, 50 AD3d 1049, 1050 [2008]; *People v Cruz*, 31 AD3d 660, 661 [2006]; *People v Nanton*, 18 AD3d 671, 672 [2005]; *People v Victor*, 271 AD2d 556, 557 [2000]). In any event, the challenged testimony was properly admitted under the exception to the hearsay rule for party admissions (*see People v Johnson*, 93 NY2d 254, 260 [1999]; *People v Valdes*, 66 AD3d 925, 926 [2009]; *People v Nealy*, 32 AD3d 400, 402 [2006]), and did not constitute improper bolstering (*see People v Spicola*, 16 NY3d 441, 452-453 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *People v Buie*, 86 NY2d 501, 510-511 [1995]).

The defendant's contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial is without merit (*see People v Tannis*, 36 AD3d 635 [2007]; *People v Best*, 295 AD2d 441, 441-442 [2002]; *People v Robinson*, 287 AD2d 582, 582-583 [2001]). Further, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NAVARRO, Appellant. [931 NYS2d 907]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO QUINTANILLA, Appellant. [931 NYS2d 905]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN VARGAS, Appellant. [931 NYS2d 683]—

On July 16, 2008, at approximately 1:00 A.M., a police officer driving an unmarked vehicle with two partners received a radio report of an armed robbery committed by two suspects, described as a black male and a Hispanic male, who fled in a two-door, silver sedan. Approximately 10 minutes later and four blocks away from the scene of the robbery, the officer observed a vehicle matching the description in the report turn into a parking lot. The officer followed the vehicle, which was occupied by a driver and two passengers, and after the vehicle parked, the officer pulled behind it. He then observed the front-seat passenger reach down as the seat leaned forward, allowing the back-seat passenger, a Hispanic male later identified as the defendant, to exit the vehicle. The officer approached the passenger's side, stopped the defendant, and requested the front-seat passenger, a black male, to exit the vehicle. Once the female driver was also removed from the vehicle and the three occupants were secured, the officer reached under the front passenger seat and recovered a loaded pistol. The driver, the front-seat passenger, and the defendant were then arrested. Later at the precinct, the police recovered a bag containing certain property belonging to the robbery complainant from the vehicle.

At the suppression hearing, the People argued that the search of the vehicle was lawful under the automobile exception. The