We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN FOY, Appellant. [933 NYS2d 599]—

The defendant's valid waivers of his right to appeal from the judgments of conviction of attempted robbery in the second degree, in satisfaction of Kings County indictment No. 7617/08, and robbery in the third degree, in satisfaction of Kings County indictment No. 9970/08, preclude review of his contentions that the sentences imposed thereon were excessive (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Hidalgo*, 91 NY2d 733, 735 [1998]; *People v Pertillar*, 37 AD3d 740 [2007]). The defendant did not validly waive his right to appeal from the judgment of conviction of criminal possession of a weapon in the second degree, in satisfaction of Kings County indictment No. 7036/08 (*see People v Bradshaw*, 76 AD3d 566 [2010], *lv granted* 15 NY3d 896 [2010]; *cf. People v Ramos*, 7 NY3d at 738). The defendant, however, cannot be heard to complain that his sentence was excessive since he received the sentence promised to him during the plea proceedings (*see People v Martinez*, 78 AD3d 966 [2010]). Prudenti, P.J., Mastro, Angiolillo, Belen and Austin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN GUILBAUD, Appellant. [933 NYS2d 608]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAMILTON, Appellant. [933 NYS2d 590]—

" '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred' " (*People v Robinson*, 97 NY2d 341, 348-349 [2001] [internal quotation marks omitted]; *see People v Orellana*, 62 AD3d 813, 813 [2009]; *People v Sluszka*, 15 AD3d 421, 423 [2005]). Here, the testimony of the arresting officer established that the officer had probable cause to stop the defendant for a suspected traffic violation, and to arrest him for driving while intoxicated. Accordingly, the County Court correctly denied that branch of the defendant's omnibus motion which was to suppress the results of a blood alcohol test.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to