We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Miller, J. P., Joy, Hart and Krausman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOKASEEM CARRUTHERS, Appellant. [639 NYS2d 944]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Thompson, Friedmann, Florio and McGinity, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARNELL CHASE, Also Known as MAJIED MUHAMMAD, Appellant. [639 NYS2d 853]

The defendant was convicted of assault in the second degree arising out of an incident during which he pushed a police officer into the path of an oncoming car at Kennedy Airport. The police officer, who was struck by the car, sustained injuries to his neck and back. During the jury deliberations, the jury sent a note to the court asking whether "the lack of corroboration (witnesses) constitute *[sic]* a reasonable doubt". The defendant requested that the court reread the reasonable doubt charge, but the court responded to the note with its own answer: