■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PRUNTY, Appellant. [669 NYS2d 948] —Appeal by the defendant from an amended judgment of the County Court, Westchester County (Murphy, J.), rendered June 16, 1994, revoking a sentence of probation previously imposed by the Supreme Court, New York County (Adlerberg, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS QUINONES, Appellant. [669 NYS2d 947] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered June 28, 1996, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent that the defendant's arguments can be construed as challenging the legal sufficiency of the evidence, they are unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). O'Brien, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.