■ The People of the State of New York, Respondent, v Joel Charles, Appellant. [750 NYS2d 874] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 5, 2000, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.

■ The People of the State of New York, Respondent, v John Dickerson, Appellant. [751 NYS2d 851] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered December 15, 1998, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (*see* CPL 470.05 [2]), without merit, or do not warrant reversal in light of the overwhelming evidence of the defendant's guilt. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.