■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MALLARD, Appellant. [790 NYS2d 881]—Appeal by the defendant from an order of the County Court, Suffolk County (Weber, J.), dated February 20, 2004, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.

■ JOHN PISAPIA, Appellant, v INCORPORATED VILLAGE OF PATCHOGUE et al., Respondents. [792 NYS2d 154]—In an action, inter alia, to recover damages for battery, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated July 9, 2003, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for battery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to submit admissible evidence sufficient to raise a triable issue of fact. Thus, the defendants were entitled to summary judgment on the cause of action to recover damages for battery (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contention is not properly before this Court. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.