■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GASKIN, Appellant. [802 NYS2d 751]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered October 10, 2002, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of murder in the second degree (*see* Penal Law § 125.25 [2]). As the defendant made only a generalized motion for a trial order of dismissal, this contention is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). The defendant's motion to set aside the verdict pursuant to CPL 330.30, in which he raised essentially the same argument that he now raises on appeal, was not sufficient to preserve this contention for appellate review (*see People v Padro,* 75 NY2d 820 [1990]; *People v Adams,* 281 AD2d 486 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VITTORIO GEORGE, Appellant. [802 NYS2d 631]—Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered April 11, 2003, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.