street (*see People v Torres*, 211 AD2d 406 [1995]; *cf. People v Charles*, 11 AD3d 321 [2004]; *People v Johnson*, 238 AD2d 267 [1997]). That the alleged accomplice neither negotiated nor physically handed the drugs over does not affect his liability as an accomplice (*see People v Kaplan, supra* at 146-147). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JACKSON, Appellant. [817 NYS2d 515]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered August 26, 2004, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Crane, J.P., Mastro, Skelos and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKUAN JOHNSON, Appellant. [817 NYS2d 514]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 1, 2004, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.