■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SANTIAGO, Appellant. [825 NYS2d 372]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Loehr, J.), rendered September 26, 2005, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SIMON, Appellant. [825 NYS2d 372]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered June 2, 2005, convicting him of criminal usury in the first degree, criminal usury in the second degree, and coercion in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's contentions that the prosecutor improperly elicited testimony regarding the defendant's wealth or class, denigrated the defense counsel by impugning his integrity, and misled the jury during summation, are unpreserved for appellate review (see CPL 470.05 [2]). In any event, those contentions, as well as the defendant's remaining contentions, are without merit. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.