*Fulton v State of New York,* 76 NY2d 675, 678 [1990]; *Matter of Hamilton v Chambers,* 35 AD3d 859 [2006]). Here, even by Newburgh Capital's own pleadings, such circumstances are not present.

Further, even accepting Newburgh Capital's contentions that the relief sought is review of the Planning Board's determination to deny access to the site, and that the petition is timely, Newburgh Capital failed to demonstrate that the determination was arbitrary, capricious, or an abuse of discretion (*see* CPLR 7801 [3]; CPLR 217 [1]; *see generally Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole,* 95 NY2d 267, 270 [2000]; *Matter of Platt v Town of Southampton,* 46 AD3d 907 [2007]; *Matter of Costa v Town of Red Hook,* 303 AD2d 584 [2003]).

Newburgh Capital's remaining contentions either are without merit or need not be reached in light of our determination. Ritter, J.P., Santucci, Angiolillo and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ALVAREZ, Appellant. [853 NYS2d 899]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY S. BELCHER, Appellant. [853 NYS2d 898]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to

withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER BERRY, Also Known as CHRIS TUCKER, Appellant. [854 NYS2d 507]—

One hour after a verbal exchange relating to a near traffic collision between the complainant and an individual the complainant identified as the defendant, the complainant returned, in a car driven by Josiah Salley, to the same area where the dispute occurred. Through the windshield of his moving car, the complainant observed an individual, initially standing by a fence 100 to 200 feet away, charge the car while firing a gun into the driver's side window, killing Salley. Nearby police officers pursued two individuals running from the scene and detained Kevin Kirven, whom the complainant, unharmed in the shooting incident, indicated was not the perpetrator. After an interview at the police station, Kirven was released. Nearly two years later, the defendant was arrested and identified by the complainant in a lineup.

During the trial, the prosecutor elicited testimony from an investigating detective that a personal telephone/address book was recovered from Kirven during the interview at the police station. The detective related that he photocopied one particular page from this book, sought subscriber information for one specific entry on that page, and then put out a "wanted card" for the defendant.