identical in appearance" (*People v Cintron,* 226 AD2d 390, 390-391 [1996]). The fact that the defendant was the only one in the lineup wearing a blue striped shirt was not so unduly suggestive of his identity as to create a substantial likelihood of irreparable misidentification because there is no evidence that his clothing figured prominently in the witness' description of the perpetrator (*see People v Jordan,* 44 AD3d 875, 876 [2007]; *People v Torres,* 309 AD2d 823, 824 [2003]). Moreover, the defendant's physical characteristics were sufficiently similar to the other participants in the lineup as to negate any likelihood that the defendant would be singled out for identification (*see People v Jackson,* 98 NY2d 555, 559 [2002]; *People v Arroyo,* 38 AD3d 792, 793 [2007]; *People v Davis,* 27 AD3d 761 [2006]; *People v Peterkin,* 27 AD3d 666, 667 [2006]; *People v Gelzer,* 224 AD2d 443 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]). Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JENNINGS, Appellant. [867 NYS2d 699]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER JOHNSON, Appellant. [867 NYS2d 698]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which

could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR KIRKOROV, Appellant. [870 NYS2d 47]—

Contrary to the defendant's contention, the disqualification by the trial court of one of the defendant's attorneys did not deny him the right to the counsel of his choice. That attorney had previously defended another attorney who, in turn, had represented an individual scheduled to testify for the People in this case. The disqualified attorney stated to the court that he believed he could use, in the defendant's defense, information he had learned about the substance of conversations between the prosecution witness and the witness's former attorney. Under these circumstances, the Supreme Court, in granting the People's application, in effect, to disqualify the attorney from representing the defendant, properly found that such representation posed a conflict of interest, and the court's disqualification of the attorney did not deprive the defendant of the right to counsel of his choice (*see People v Hall,* 46 NY2d 873, 874-875 [1979], *cert denied* 444 US 848 [1979]; *People v Zuniga,* 42 AD3d 474 [2007]; *People v Gordon,* 272 AD2d 133, 134 [2000]). Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MILLER, Appellant. [869 NYS2d 150]—