We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [889 NYS2d 470]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY CAMPBELL, Appellant. [890 NYS2d 606]—

The defendant contends that the prosecutor's questioning about his postarrest silence deprived him of a fair trial. However, after the Supreme Court sustained his objection and issued a curative instruction, the defendant failed to either move for further curative instructions or request a mistrial (*see People v Wright*, 40 AD3d 1021 [2007]; *People v Medina*, 53 NY2d 951, 953 [1981]; *cf. People v Prince*, 36 AD3d 833 [2007]). Under