"The filing of a sufficient *Anders* brief is essential to ensuring that an indigent party's rights are protected. Requiring counsel to submit a brief referring to anything in the record that might support the appeal ensures that assigned counsel acted as an advocate, rather than as a mere advisor to the court on the merits of the appeal" (*Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]; *see Anders v California*, 386 US 738, 744 [1967]). Here, the submitted *Anders* brief was deficient, as assigned counsel did not perform the role of a zealous advocate by identifying possible issues for appeal and relating the facts to the point heading that was stated. Accordingly, new counsel is assigned to represent the appellant on the appeal (*see Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256-258 [2011]). Dickerson, J.P., Chambers, Hall and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK TAYLOR, Appellant. [936 NYS2d 904]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v*

*Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON WARREN, Appellant. [936 NYS2d 904]

Since the defendant had not yet completed the previously imposed terms of imprisonment when he was resentenced, the resentencing to a mandatory period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Dawkins*, 87 AD3d 550 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]).

Furthermore, this Court is without authority to reconsider the incarceratory component of the sentence on this appeal (*see People v Lingle*, 16 NY3d at 635; *People v Edwards*, 89 AD3d 1034 [2011]; *People v Myrick*, 84 AD3d 1272 [2011]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM L. WATSON, Appellant. [936 NYS2d 572]

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v*