NY2d 554 [1994]), and the complainant failed to show that the petitioner's proffered reasons constituted a pretext for discrimination (see *Matter of Dawson v New York State Div. of Human Rights*, 88 AD3d 705 [2011]; *Matter of McDonald v New York State Div. of Human Rights*, 77 AD3d 668 [2010]; *Matter of Spuehler v Pepsi-Cola Co.*, 239 AD2d 352 [1997]; *Matter of Friel v McCall*, 109 AD2d 741 [1985]; *see also* Insurance Law § 3231 [a], [e] [1] [A]; *Consumers Union of U.S., Inc. v State of New York*, 5 NY3d 327, 339 [2005]). Accordingly, the petition must be granted, the cross petition must be denied, and the Commissioner's determination must be annulled. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD BENTLEY, Appellant. [937 NYS2d 879]

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (see *Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KISHA BOOKER, Appellant. [937 NYS2d 874]

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.

■ The People of the State of New York, Respondent, v Raheem Carmichael, Appellant. [938 NYS2d 197]—

At approximately 7:00 P.M., in what police described as a high-crime area, the defendant was walking near another individual who was slowly riding his bicycle unlawfully on the sidewalk. According to the testimony of the arresting officers at the suppression hearing, as they pulled over their vehicle near the two individuals and began to approach the bicyclist, the defendant's "right arm tensed up towards his body beneath his coat or at his coat line area around the vicinity of his waistband." The defendant then immediately ran away. As the officers pursued the defendant, he discarded a gun and ammunition.