§ 6; *People v Collado*, 90 AD3d 672, 672 [2011]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Collado*, 90 AD3d at 673; *People v Vaughan*, 48 AD3d 1069, 1070 [2008], *cert denied* 555 US 910 [2008]). Further, the defendant was not deprived of the effective assistance of counsel under the Federal Constitution (*see Strickland v Washington*, 466 US 668, 688 [1984]). Dillon, J.P., Florio, Chambers and Roman, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN D. HORACE, Appellant. [938 NYS2d 479]

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIEGAL LEWIS, Appellant. [938 NYS2d 450]

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which

could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN LYNCH, Appellant. [938 NYS2d 340]—

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not raise in the Supreme Court the specific ground that he now raises on appeal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Burgess*, 75 AD3d 650 [2010]). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court did not err in failing to give an intoxication charge to the jury (*see* Penal Law § 15.25). "A defendant may establish entitlement to such a charge 'if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent' " (*People v Sirico*, 17 NY3d 744, 745 [2011], quoting *People v Rodriguez*, 76 NY2d 918, 920 [1990]). Here, viewing the evidence in the light most favorable to the defendant, there is insufficient evidence to support an inference that the defendant was so intoxicated as to be unable to form the requisite criminal intent (*see People v Rodriguez*, 76 NY2d at 921; *see also People v Sirico*, 17 NY3d at 746; *People v Gaines*, 83 NY2d 925, 926-927 [1994]).