The defendant's contention that he was deprived of the effective assistance of counsel is without merit. His argument that, at sentencing, his attorney "did little" to attempt to obtain a sentence less than the one actually imposed, is belied by the record. Furthermore, the defendant received an advantageous plea and the record does not cast doubt on the apparent effectiveness of counsel (*see People v Henry*, 95 NY2d 563, 566 [2000]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Moss*, 74 AD3d 1360 [2010]; *People v Garrett*, 68 AD3d 781, 782 [2009]; *People v Boodhoo*, 191 AD2d 448, 449 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PURIFICATO, Appellant. [952 NYS2d 461]—

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Eng, P.J., Rivera, Chambers, Sgroi and Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINCY SLOWE, Appellant. [952 NYS2d 450]—

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see Anders v California*, 386 US 738 [1967]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Rivera, J.P., Florio, Dickerson, Leventhal and Lott, JJ., concur.

◼ The People of the State of New York, Respondent, v Aurelio Soria, Appellant. [952 NYS2d 300]—

The defendant failed to preserve for appellate review his claims that the plea of guilty was not knowingly, voluntarily, and intelligently entered, and that the County Court failed to advise him about the deportation consequences of his plea (*see* CPL 220.60 [3]; 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Henson*, 96 AD3d 1076 [2012]; *People v Ramnaraine*, 92 AD3d 809 [2012]). Furthermore, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (*People v McNair*, 13 NY3d 821, 822 [2009] [internal quotation marks omitted]; *see People v Lopez*, 71 NY2d at 666; *People v Young*, 88 AD3d 918, 918 [2011]). In any event, the defendant's claims are belied by the record, and the defendant's post-plea statements of innocence made to his probation officer that appear in the presentence investigation report do not warrant vacatur of his plea (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Gibson*, 95 AD3d 1033, 1033-1034 [2012], *lv denied* 19 NY3d 996 [2012]; *People v Ingram*, 80 AD3d 713, 714 [2011]; *People v Morales*, 17 AD3d 487 [2005]).

By pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel that did not directly involve the plea bargaining process (*see People v Petgen*,