People v Urena (2019 NY Slip Op 03089)





People v Urena


2019 NY Slip Op 03089


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-10374
2017-10375
2017-12388

[*1]The People of the State of New York, respondent,
v
Joel Urena, appellant. (Ind. Nos. 1034/15, 1258/16; S.C.I. No. 1963/16)


Richard M. Langone, Garden City, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Anastasia Spanakos of counsel; Kathleen Halliday on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) two judgments of the Supreme Court, Queens County (Daniel Lewis, J.), both rendered September 26, 2016, convicting him of bail jumping in the second degree under Indictment No. 1258/16, and disorderly conduct under Superior Court Information No. 1963/16, upon his pleas of guilty, and imposing sentences, and (2) a resentence of the same court imposed December 21, 2016, upon his conviction of criminal possession of stolen property in the third degree under Indictment No. 1034/15, upon his plea of guilty. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the judgments and the resentence are affirmed.
We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on the appeals. Counsel's application for leave to withdraw as counsel is, therefore, granted (see id.; People v Murray, 169 AD3d 227; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court