People v Fyffe (2019 NY Slip Op 08862)





People v Fyffe


2019 NY Slip Op 08862


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-05824
2018-05825

[*1]The People of the State of New York, respondent,
v
Oshane Fyffe, appellant. (Inds. Nos. 4619/15, 6927/15)


Mark Diamond, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel; Ruby D. Andrade on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Martin P. Murphy, J., at plea; Guy J. Mangano, J., at sentencing), both rendered March 20, 2018, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 4619/15 and manslaughter in the first degree under Indictment No. 6927/15, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738) with respect to the appeal from the judgment rendered under Indictment No. 4619/15, in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the judgments are affirmed.
The sentence imposed under Indictment No. 6927/15 was not excessive (see People v Suitte, 90 AD2d 80).
With respect to the appeal from the judgment rendered under Indictment No. 4619/15, we are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738), and, upon an independent review of the record, we conclude that there are no nonfrivolous issues that could be raised on the appeal from that judgment. Counsel's application for leave to withdraw as counsel is, therefore, granted (see id.; Matter of Giovani S. [Jasmin A.], 89 AD3d 252; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court