People v Jones (2021 NY Slip Op 06628)





People v Jones


2021 NY Slip Op 06628


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2018-14608
 (Ind. No. 1474/15)

[*1]The People of the State of New York, respondent, 
v
Linwood Jones, also known as Miek, also known as Linwood Bonner, appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Robert Ho on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered September 21, 2018, convicting him of conspiracy in the fourth degree and attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the judgment is affirmed.
Under the circumstances of this case, the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738) was sufficient because it addressed the essential issues in this case, and although the brief failed to analyze the validity of the defendant's waiver of the right to appeal and the enforceability of the waiver, the enforceability or unenforceability of the defendant's waiver of the right to appeal makes no practical difference to the Anders outcome (see People v Morris, 187 AD3d 938, 939; People v Warney, 186 AD3d 1273; People v Murray, 169 AD3d 227, 233). Moreover, upon an independent review of the record, we conclude that there are no nonfrivolous issues that could be raised on appeal (see People v Murray, 169 AD3d 227). Counsel's application for leave to withdraw as counsel is, therefore, granted (see id.; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252; People v Paige, 54 AD2d 631).
MASTRO, J.P., HINDS-RADIX, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court