People v Arevalo (2022 NY Slip Op 01037)





People v Arevalo


2022 NY Slip Op 01037


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2019-12948

[*1]The People of the State of New York, respondent,
v
Daniel Arevalo, appellant. 


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Gianna Gambino on the brief), for respondent.
Janet E. Sabel, New York, NY (Ronald Alfano of counsel), for appellant.




DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bruna L. DiBiase, J.), rendered October 7, 2019, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the defendant.
ORDERED that the judgment is affirmed.
Under the circumstances of this case, the brief filed by the defendant's assigned counsel pursuant to Anders v California (386 US 738), was sufficient because it addressed the essential issues in the case. Although the brief failed to analyze the validity of the defendant's waiver of the right to appeal and the enforceability of that waiver, here the enforceability or unenforceability of the defendant's waiver of the right to appeal makes no practical difference to the Anders outcome (see People v Murray, 169 AD3d 227, 233). Moreover, upon an independent review of the record, we conclude that there are no nonfrivolous issues that could be raised on appeal (see id. at 233). Accordingly, counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US at 744; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606).
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court